IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARISCO, LTD., a Hawaii corporation, ) | CIVIL NO. 10-00137 LEK-BMK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AMERICAN SAMOA GOVERNMENT, ) | |
| ) | |
| Defendant and ) | |
| Third-Party ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TERRY R. CONDEN, ) | |
| ) | |
| Third-Party ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER GRANTING MARISCO LTD.'S EX PARTE
REQUEST FOR ORDER DIRECTING DISBURSEMENT OF FUNDS
FROM GARNISHEE BANK OF HAWAI`I AND GRANTING IN PART AND
<u>DENYING IN PART BANK OF HAWAII'S MOTION FOR INSTRUCTIONS</u>**

Before the Court are Plaintiff/Counterclaim Defendant Marisco, Limited's ("Marisco") Ex Parte Request for Order Directing Disbursement of Funds from Garnishee Bank of Hawai`i ("Disbursement Motion"), filed on June 26, 2012, and Garnishee Bank of Hawaii's ("BOH") Motion for Instructions, filed July 31, 2012.  [Dkt. nos. 117, 131.]  Defendant/Counter Claimant/Third Party Plaintiff American Samoa Government ("ASG") filed its memorandum in opposition to the Disbursement Motion on June 28, 2012, and Marisco filed its reply on July 3, 2012.  [Dkt. nos.

118, 122.]  Pursuant to this Court's order, ASG submitted a supplemental brief regarding jurisdiction on July 27, 2012, and Marisco submitted its supplemental brief on August 2, 2012. [Dkt. nos. 129, 135.]  Neither of the parties opposed BOH's Motion for Instructions.

The Court finds Marisco's Disbursement Motion suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  BOH's Motion for Instructions came on for hearing on August 16, 2012.  Appearing on behalf of BOH was Robert Marks, Esq.; appearing on behalf of Marisco was Mark Desmarais, Esq.; and appearing on behalf of ASG was Michael Nakano, Esq.  After careful consideration of the motions, supporting and opposing documents, and the arguments of counsel, Marisco's Disbursement Motion is HEREBY GRANTED and BOH's Motion for Instructions is HEREBY GRANTED IN PART AND DENIED WITHOUT PREJUDICE as to BOH's request for legal fees, costs, and any other appropriate relief.

## BACKGROUND

On March 10, 2010, pursuant to this district court's admiralty and maritime jurisdiction, Marisco filed its Verified Complaint In Rem and In Personam against ASG for breach of

contract.[1]  According to Marisco, from July 2008 to the filing of this action, Marisco performed numerous repair services on three vessels owned by ASG: the tug "Sailele" and two barges, the "Spud Barge" and the "Fence Barge" (collectively "the Vessels"). Marisco alleges that ASG failed to make full payment for Marisco's work on the Vessels.

On April 29, 2010, ASG filed its Answer to the First Amended Complaint, as well as a Counterclaim and a Third Party Complaint against Terry R. Conden.  [Dkt. nos. 22, 23, 25.] Conden is an engineer with ASG's Department of Port Administration who "was assigned to assist with and/or oversee the purchase, repair and retrofitting of the Vessels."  [Third Party Complaint at ¶ 7.]

The parties ultimately agreed to enter into a binding arbitration for all of the claims at issue in this case.  [Motion to Confirm Arbitration Award, filed 3/5/12 (dkt. no. 108), Decl. of Mark B. Desmarais ("Desmarais Confirmation Decl."), Exh. 1 (Agreement to Arbitrate Dispute ("Arbitration Agreement")).]  The arbitration hearings took place from August 8, 2011 to August 11, 2011, in Honolulu, Hawai`i.  [Desmarais Confirmation Decl., Exh. 2 (Arbitration Decision and Award ("Arbitration Award")) at 1.] The arbitrator concluded that "Marisco is entitled under the

---

[1] Marisco filed a First Amended Complaint on March 31, 2010, and a Second Amended Complaint on November 8, 2010.  [Dkt. nos. 15, 61.]

doctrine of quantum meruit to recover from the ASG for the reasonable value of the repair work that Marisco performed on the Vessels." [Id. at 2.]  The arbitrator awarded Marisco a total of $811,631.87 as a reasonable value for quantum meruit purposes. [Id. at 5.]  The arbitrator also ruled that: Conden is not liable to ASG; each party is to bear its own attorneys' fees; Marisco and Conden are entitled to their costs of suit; and Marisco is entitled to interest of 0.43% per year (not compounded) from September 1, 2009 to the date the award is paid.  [Id. at 5-6.]

     Marisco filed a Motion to Confirm Arbitration Award on March 5, 2012, and none of the parties opposed the motion.  After a hearing on April 16, 2012, this Court issued its order granting Marisco's motion.  [Dkt. no. 110, 112.]  Judgment was issued on May 1, 2012.  [Dkt. no. 113.]  No appeal was taken.

     On June 13, 2012, this Court granted Marisco's Ex Parte Motion for Order Granting Issuance of Writ of Execution, and the Clerk's Office issued the Writ of Execution.  [Dkt. no. 115.]  On June 20, 2012, the United States Marshals Service served the Writ of Execution on BOH at 130 South King Street, Honolulu, Hawai`i 96813.  [Process Receipt and Return, filed 6/27/12 (dkt. no. 119).]

     BOH's Legal and Custody Department in Honolulu filed its Answer and Disclosure of Bank of Hawaii on June 25, 2012. [Dkt. no. 116.]  BOH states that

>               at the time and place of service upon it of said
>               Writ of Execution, . . . there were funds on
>               deposit with said Bank of Hawaii to the credit of
>               AMERICAN SAMOA GOVERNMENT the sum of $824,166.15
>               and that a charge of $95.00 has been assessed for
>               service of legal process, leaving a balance of
>               Eight Hundred Twenty Four Thousand Seventy One
>               Dollars and Fifteen Cents, ($824,071.15).

[Id. at 1-2.]  The Garnishment Motion followed.

I.   **Garnishment Motion**

In response to the Garnishment Motion, ASG states that "[s]uch a request is probably valid as against an individual or a corporation."  [Mem. in Opp. to Garnishment Motion at 2.]  ASG, however, argues that Marisco has not complied with American Samoa's statutes governing the garnishment of ASG's funds and that Marisco has not addressed the conflict of law issue.  ASG notes that it applied to the High Court of American Samoa ("High Court") for a temporary restraining order and a preliminary injunction against BOH.  In addition, ASG argues that Marisco has not established that this district court has jurisdiction over ASG's BOH account domiciled in American Samoa.

In its reply in support of the Garnishment Motion, Marisco argues that, in the Arbitration Agreement, ASG "waived any immunity to or restrictions concerning the enforcement of this judgment."  [Reply in Supp. of Garnishment Motion at 3 (citing 28 U.S.C. § 1605).]  Further, Marisco argues that ASG has clearly availed itself of both the jurisdiction of this district court and the binding arbitration proceeding, and ASG agreed that

5

any award or judgment resulting therefrom would be fully binding in American Samoa or Hawai`i.  Marisco asserts that ASG would be able to withdraw its money from its BOH account at any BOH branch in Hawai`i or around the Pacific.  Thus, Marisco argues that ASG's creditors should also have access to those funds.  As to the argument that ASG's BOH account is only domiciled in American Samoa, Marisco argues that bank branches are no longer considered separate entities because they are connected to their main offices by high speed computers and management from the main offices.

In its supplemental brief regarding jurisdiction, ASG urges the court to follow the "separate entity rule" - the rule that foreign branches of a bank are not subject to execution through process on an in-state office or branch of the bank. [ASG's Suppl. Br. at 1-2 (citing Reibor Int'l Ltd. v. Cargo Carriers (KACZ-CO) Ltd., 759 F.2d 262, 264 (2d Cir. 1985); Det Bergenske Dampskibsselskab v. Sabre Shipping Corp., 341 F.2d 50, 52-54 (2d Cir. 1965); Shaheen Sports, Inc. v. Asia Ins. Co., No. 98-CV-5951 LAP, 11-CV-920 LAP, 2012 WL 919664 (S.D.N.Y. Mar. 14, 2012); Woodlands, Ltd. v. Westwood Ins. Co., 965 F. Supp. 12, 14-15 (D. Md. 1997)).]  ASG also notes that, pursuant to Fed. R. Civ. P. 64, state law governs the garnishment of property to satisfy a judgment.  ASG argues that, although there is no case law directly on point, Hawaii's Uniform Commercial Code suggests

that the State of Hawai`i treats bank branches as separate entities. [Id. at 2-4 (citing Haw. Rev. Stat. §§ 490:4-102(b), 490:4-107).] ASG also argues that the situs of intangible property varies depending on the context and, under a common sense approach, the situs of a debt obligation is the situs of the debtor. [Id. at 4-5 (citing Office Depot, Inc. v. Zuccarini, 596 F.3d 696, 702 (9th Cir. 2010); Af-Cap Inc. v. Republic of Congo, 383 F.3d 361, 371-72 (5th Cir. 2004); Tabacalera Severiano Jorge, S.A. v. Standard Cigar Co., 392 F.2d 706, 714-15 (5th Cir. 1968)).]

      In its supplemental brief, Marisco responds that the separate entity rule has been widely criticized and is inapplicable in post-judgment proceedings. [Marisco's Suppl. Br. at 1-3 (some citations omitted) (citing Eitzen Bulk A/S v. Bank of India, 827 F. Supp. 2d 234, 240 (S.D.N.Y. 2011); J.W. Oilfield Equip., LLC v. Commerzbank AG, 764 F. Supp. 2d 587, 595 (S.D.N.Y. 2011); Koehler v. Bank of Bermuda, Ltd., 12 N.Y.3d 533, 541 (N.Y. 2009)).] Marisco also argues that this district court has personal jurisdiction over ASG, which waived its sovereign immunity and agreed to sue and be sued in this district court. Further, in the Arbitration Agreement, ASG agreed to be bound by this district court's jurisdiction and to allow enforcement of any arbitration award or judgment in American Samoa, Hawai`i, or any other jurisdiction necessary.

Finally, Marisco contends that this district court has personal jurisdiction over BOH and can therefore order BOH to freeze property that BOH controls, even if the property is outside of the United States. [Id. at 2 (citing United States v. First Nat'l City Bank, 379 U.S. 378 (1965); Decl. of Mark B. Desmarais ("Desmarais Jurisdiction Decl."), Exh. A (7/5/12 Hrg. Trans. in Am. Samoa Gov't v. Bank of Hawaii, et al., High Court of Am. Samoa ("ASG v. BOH")), at 13-15).]

## II. Motion for Instructions

In the Motion for Instructions, BOH notes that the High Court has issued an order requiring BOH to release the funds that it has frozen pursuant to the Writ of Execution. [Motion for Instructions, Exh. A (Order Granting Motion for Prelim. Injunctive Relief in ASG v. BOH, filed July 11, 2012).] BOH seeks instructions on how it should proceed in light of the conflict between the Writ of Execution and the High Court's order. BOH states that, upon the filing of the Motion for Instructions, it also filed a motion seeking a stay of the enforcement of the High Court's order. [Motion for Instructions at 2.] BOH has also filed a motion for reconsideration of the High Court's order. [Id., Exh. B (BOH's motion for reconsideration), Exh. C (errata to BOH's motion for reconsideration).]

BOH also filed notices of the following filings in <u>ASG v. BOH</u>: ASG's Motion to Enforce Preliminary Injunction; BOH's Motion for Stay of Injunction; BOH's Supplement to Its Motion for Stay.  [BOH's Notice of Filing of Pleadings in the High Court of Am. Samoa in Related Litig., filed 8/1/12 (dkt. no. 134), Exhs. A, B; BOH's Notice of Filing of Pleadings in the High Court of Am. Samoa in Related Litig., filed 8/3/12 (dkt. no. 136), Exh. A.]

## **DISCUSSION**

First, although Marisco contends that ASG is not immune from suit pursuant to 28 U.S.C. § 1605, the Court notes that "American Samoa is not a 'foreign state' within the meaning of [the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1330, 1602–1611], but rather an unincorporated territory of the United States."  <u>Meaamaile v. Am. Samoa</u>, 550 F. Supp. 1227, 1231 (D. Haw. 1982) (noting that the Foreign Sovereign Immunities Act did not apply).  Regardless of ASG's political status, it is beyond dispute that ASG has submitted itself to the personal jurisdiction of this district court by filing its Answer and failing to raise the lack of personal jurisdiction in a Rule 12 motion.  <u>See</u> Fed. R. Civ. P. 12(h)(1).[2]

---

[2] Fed. R. Civ. P. 12 states, in pertinent part:

> (b) How to Present Defenses.  Every defense to a claim for relief in any pleading must be asserted
> (continued...)

Further, during the course of this case, ASG, though Fepulea`i Arthur Ripley Jr., who was the Attorney General at the time, entered into the Arbitration Agreement. [Arbitration Agreement at 5.] The Arbitration Agreement states, in pertinent part, that the Parties:

> hereby voluntarily agree and stipulate to enter into Binding Arbitration regarding the above-captioned matter and,

---

[2](...continued)
in the responsive pleading if one is required. But a party may assert the following defenses by motion:

. . . .

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process; [and]

(5) insufficient service of process[.]

. . . .

(h) Waiving and Preserving Certain Defenses.

    (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:

        (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

        (B) failing to either:

            (i) make it by motion under this rule; or

            (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

> . . . .
>
> WHEREAS, the Parties voluntarily agree that **the United States District Court for the District of Hawai`i shall** stay trial proceedings pending arbitration but shall **maintain jurisdiction** until any Arbitration Award is rendered and/or confirmed in order to, among other things, resolve discovery disputes and, conduct settlement conferences, etc. and,
>
> WHEREAS, the Parties voluntarily agree that **any award by the Arbitrator shall be considered valid, irrevocable and enforceable in each respective jurisdiction** or any other necessary jurisdiction[.]

[Arbitration Agreement at 2-3 (emphases added).]  ASG did not contest Marisco's Motion to Confirm Arbitration Award, nor did ASG appeal the final judgment entered after this Court confirmed the Arbitration Award.[3]  Thus, ASG has not presented any valid argument to dispute Marisco's right to collect the amount ordered in the Arbitration Award.  The only issue before this Court is whether Marisco can collect that amount by serving the Writ of Execution on BOH through its main legal department in Honolulu.

As previously noted, ASG urges the Court to apply the "separate entity rule."  The Second Circuit has described the rule as follows:

---

[3] The Court is aware that BOH has received an order from the High Court requiring it to release funds frozen pursuant to the Writ of Execution and, although the Court has the utmost respect for and goodwill towards the High Court, the Arbitration Agreement plainly sets forth the parties' intent to vest exclusive jurisdiction in this matter, including over any award, in the United States District Court for the District of Hawai`i.

> Under New York law, the "separate entity rule" dictates that "'each branch of a bank [be] treated as a separate entity for attachment purposes.'" Sabre Shipping Corp., 341 F.2d at 53 (quoting Cronan v. Schilling, 100 N.Y.S.2d 474, 476 (Sup. Ct., N.Y. Cnty. 1950)); see McCloskey v. Chase Manhattan Bank, 11 N.Y.2d 936, 937, 228 N.Y.S.2d 825, 183 N.E.2d 227 (1962) (assets in a foreign branch cannot be attached in New York). As a result, "the debt owed by a branch finds its situs within the territorial jurisdiction of [that] branch." Id. (internal quotation marks omitted). Put differently, "the mere fact that a bank may have a branch within New York is insufficient to render accounts outside of New York subject to attachment." John Wiley & Sons, Inc. v. Kirtsaeng, No. 08 Civ. 7834, 2009 WL 3003242, at *3 (S.D.N.Y. Sept. 15, 2009) (internal quotation marks omitted). . . .

Allied Maritime, Inc. v. Descatrade SA, 620 F.3d 70, 74 (2d Cir. 2010) (some alterations in Allied Maritime) (footnote omitted).

As ASG acknowledges, pursuant to Fed. R. Civ. P. 64, Hawai`i law applies to issues of attachment.  There is, however, no case law from the Hawai`i appellate courts, or from federal courts interpreting Hawai`i law, adopting the separate entity rule.  ASG argues that sections of the Hawai`i Uniform Commercial Code suggest that Hawai`i courts would treat bank branches as separate entities.  [ASG's Suppl. Br. at 2-4 (citing Haw. Rev. Stat. §§ 490:4-102(b), 490:4-107).]  Section 490:4-102(b) states:

> The liability of a bank for action or nonaction with respect to an item handled by it for purposes of presentment, payment, or collection is governed by the law of the place where the bank is located. In the case of action or nonaction by or at a branch or separate office of a bank, its liability is governed by the law of the place where the branch or separate office is located.

An "item" is defined as "an instrument or a promise or order to pay money handled by a bank for collection or payment.  The term does not include a payment order governed by article 4A or a credit or debit card slip[.]"  Haw. Rev. Stat § 490:4-104(a)(9).  Thus, § 490:4-102(b) does not address the post-judgment garnishment of accounts pursuant to court order.  Section 490:4-107 states: "A branch or separate office of a bank is a separate bank for the purpose of computing the time within which and determining the place at or to which action may be taken or notices or orders must be given under this article and under article 3."  There is, however, no Hawai`i case law extending the principles § 490:4-107 outside the context of the Uniform Commercial Code.

Insofar as the Hawai`i Supreme Court has never addressed whether to adopt the separate entity rule, this Court's task is to predict how the supreme court would decide the issue.  Cf. Air-Sea Forwarders, Inc. v. Air Asia Co., 880 F.2d 176, 186 (9th Cir. 1989) (diversity jurisdiction).  This Court predicts that, if the Hawai`i Supreme Court were to rule upon the issue, the supreme court would consider case law criticizing the separate entity rule as being: "a somewhat dated and seldom-cited legal doctrine," Tribie v. United Dev. Grp. Int'l LLC, No. 07-22135-CIV., 2008 WL 5120769, at *3 (S.D. Fla. Dec. 2, 2008) (noting that the separate entity rule is not the law in Florida);

and "rather ancient" and "entirely obsolete in today's world of highly sophisticated and centralized banking operations" Acme Contracting, Ltd. v. Toltest, Inc., No. 07-10950, 2008 WL 4534175, at *6-7 (E.D. Mich. Oct. 3, 2008) (noting lack of Michigan case law adopting the separate entity rule).  Further, this Court predicts that the Hawai`i Supreme Court would consider the fact that even courts applying New York law have noted that the separate entity rule is inapplicable to post-judgment enforcement proceedings.  In J.W. Oilfield, the district court noted that:

> The New York Court of Appeals . . . distinguished postjudgment enforcement from a prejudgment attachment, which is based on a court's jurisdiction over the property being attached.  It concluded that postjudgment enforcement (such as a proceeding under N.Y. CPLR article 52) requires only jurisdiction over persons.  "In short, article 52 postjudgment enforcement involves a proceeding against a person—its purpose is to demand that a person convert property to money for payment to a creditor—whereas article 62 attachment operates solely on property, keeping it out of a debtor's hands for a time."  [Koehler, 12 N.Y.3d] at 538, 883 N.Y.S.2d 763, 911 N.E.2d 825.
>
> The New York Court of Appeals reasoned that when a judgment debtor is subject to a New York court's personal jurisdiction, "that court has jurisdiction to order the judgment debtor to bring property into the state, because the court's authority is based on its personal jurisdiction over the judgment debtor." Id. at 540, 883 N.Y.S.2d 763, 911 N.E.2d 825.  The authority of the court to order a garnishee to bring property into the state is likewise based on personal jurisdiction over that garnishee. . . .

764 F. Supp. 2d at 592.

This Court also predicts that the Hawai`i Supreme Court would consider the following testimony in ASG v. BOH by James McDougall Lowson, III, BOH's Vice President and District Manager for American Samoa:

> Q.  . . . do you know whether the American Samoa branch is a separate legal entity or whether it's part of the corporation that is filed in the State of Hawaii?
> A.  We are a branch of our bank-holding corporation, which is headquartered in Hawaii.
> Q.  . . . do you know whether the A.S.G. opened up its bank account in the American Samoa branch?
> A.  That would be the case.
> Q.  And do you know whether, when the American Samoa Government wants access to its funds, can authorize users to withdraw funds both here [in American Samoa] and in the State of Hawaii?
> A.  They can.

[Desmarais Jurisdiction Decl., Exh. A (7/5/12 Hrg. Trans. in ASG v. BOH) at 13-14.]

In light of the factual background in this case and the persuasive authority from other jurisdictions, this Court predicts that the Hawai`i Supreme Court would decline to adopt the separate entity rule in this case.  This Court therefore CONCLUDES that Marisco's service of the Writ of Execution on the vice-president and manager of BOH's Legal and Custody Department in Honolulu, [id. at 15,] was sufficient to garnish ASG's funds in the account ASG opened at the BOH branch in American Samoa.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff Marisco Ltd.'s

Ex Parte Request for Order Directing Disbursement of Funds from Garnishee Bank of Hawai`i, filed June 26, 2012, is HEREBY GRANTED, and Garnishee Bank of Hawaii's Motion for Instructions, filed July 31, 2012, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Court ORDERS that Bank of Hawaii tender and disburse the amount of $824,017.15 to Marisco, Ltd. pursuant to the Writ of Execution, filed June 13, 2012.  BOH's Motion for Instructions is DENIED WITHOUT PREJUDICE as to BOH's request for legal fees, costs, and any other appropriate relief.  The denial is without prejudice to the re-filing of a separate motion, supported by the relevant authority, seeking fees and costs, or other relief.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, August 23, 2012.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**MARISCO, LTD. V. AMERICAN SAMOA GOVERNMENT, ETC.; CIVIL NO. 10-00137 LEK-BMK; ORDER GRANTING MARISCO LTD.'S EX PARTE REQUEST FOR ORDER DIRECTING DISBURSEMENT OF FUNDS FROM GARNISHEE BANK OF HAWAI`I AND GRANTING IN PART AND DENYING IN PART BANK OF HAWAII'S MOTION FOR INSTRUCTIONS**