IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARISCO, LTD., a Hawaii corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SAMOA GOVERNMENT,<br><br>Defendant and Third-Party Plaintiff,<br><br>vs.<br><br>TERRY R. CONDEN,<br><br>Third-Party Defendant. | ) | CIVIL NO. 10-00137 LEK-BMK |

**ORDER GRANTING IN PART AND DENYING IN PART**
**GARNISHEE BANK OF HAWAII'S MOTION FOR INTERPLEADER**

Before the Court is Garnishee Bank of Hawaii's ("BOH") Motion for Interpleader ("Motion"), filed on September 17, 2012. [Dkt. no. 142.] On September 24, 2012, Plaintiff/Counterclaim Defendant Marisco, Limited ("Marisco") filed its statement of position, and Defendant/Counter Claimant/Third Party Plaintiff American Samoa Government ("ASG") filed its memorandum in opposition. [Dkt. no. 154, 155.] This matter came on for hearing on September 27, 2012. Appearing on behalf of BOH was Robert Marks, Esq., appearing on behalf of Marisco was Mark Desmarais, Esq., and appearing on behalf of ASG was Mark Hamilton, Esq. After careful consideration of the Motion,

supporting and opposing memoranda, and the arguments of counsel, BOH's Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

The relevant background is set forth in this Court's Order Granting Marisco Ltd.'s Ex Parte Request for Order Directing Disbursement of Funds from Garnishee Bank of Hawai`i and Granting in Part and Denying in Part Bank of Hawaii's Motion for Instructions, filed August 23, 2012 ("Disbursement Order"), 2012 WL 3686088, which this Court incorporates by reference.

### I. Motion

Since the filing of the Disbursement Order, ASG filed a Notice of Appeal from the Disbursement Order. [Dkt. no. 140.] On September 13, 2012, the High Court of American Samoa ("High Court") issued an order ("Reconsideration Order") denying BOH's motion for reconsideration of the Order Granting Motion for Preliminary Injunctive Relief in American Samoa Government v. Bank of Hawaii, et al., Trial Division, CA No. 29-12 ("ASG v. BOH"), which the High Court originally filed on July 11, 2012 ("Injunction Order"), and denying BOH's motion to stay the enforcement of the Injunction Order. [Motion, Exh. 2 (Injunction Order), Exh. 3 (Reconsideration Order).] BOH states that, in its reply memorandum in support of its motion to stay, it argued that the High Court should defer to this Court, particularly its

Disbursement Order. The Reconsideration Order, however, does not mention the Disbursement Order. [Mem. in Supp. of Motion at 6.]

BOH states that ASG is aggressively trying to enforce the Injunction Order. ASG filed a motion in ASG v. BOH to enforce the Injunction Order. The High Court heard that motion at the same time as BOH's motion for reconsideration and BOH's motion to stay, but the High Court did not issue an order as to ASG's motion to enforce. ASG v. BOH will soon be set for trial on the issue of whether ASG is entitled to permanent injunctive relief. Both ASG and Marisco have demanded that BOH comply with the respective orders in their favor.[1] [Id. at 6-8; Motion, Exh. 6 (letter dated 9/14/12 to BOH's counsel in American Samoa from the Deputy Attorney General of American Samoa), Exh. 7 (email dated 9/14/12 to ASG's counsel from Marisco's counsel).]

In the instant Motion, BOH argues that it is a neutral stakeholder in this dispute and, through no fault of its own, it is subject to conflicting orders - this Court's Disbursement Order and the High Court's Injunction Order. It is impossible

[1] Since the filing of the instant Motion, ASG filed the following motions in ASG v. BOH: Expedited Motion to Enforce Preliminary Injunction and for Sanctions Against Bank of Hawaii, filed on September 18, 2012; and Ex Parte Motion for Expedited Hearing on Motion to Enforce Preliminary Injunction and for Sanctions Against Bank of Hawaii, filed on September 19, 2012. The High Court denied the request for an expedited hearing and set the motion to enforce and for sanctions for hearing on October 31, 2012. [BOH's Notice of Filing of Pleadings in Related Case in the High Court of Am. Samoa, filed 9/21/12 (dkt. no. 150), Exhs. A-C.]

for BOH to comply with both orders, and BOH seeks the following relief:

> 1) interplead the funds in question,[[2]] pursuant to such terms as this Court deems appropriate; 2) to restrain Marisco and ASG from instituting or prosecuting any proceedings in any court other than this one with respect to the disputed funds, and 3) for such further relief as this Court deems appropriate.

[Mem. in Supp. of Motion at 3 (footnote omitted).] BOH argues that interpleader is appropriate because it is faced with double liability. It emphasizes that the interpleader rule and statutes are remedial in nature and are to be interpreted liberally. [Id. at 8-9.]

BOH argues that this Court should also enjoin overlapping lawsuits. Specifically, BOH wants to prevent Marisco, ASG, and ASG's Attorney General, Fepulea`i Arthur Ripley, Jr., who is a member of the bar of this district court, from pursuing further proceedings in another action to seek relief inconsistent with this Court's ruling. BOH contends that the Court has the authority to do so pursuant to the All Writs Act, 28 U.S.C. § 1651, 28 U.S.C. § 2361, and the Court's inherent powers. [Id. at 10-11; Motion at 3.] BOH argues that, in spite of ASG's appeal of the Disbursement Order, this Court has

[2] BOH states that it currently has $824,071.15 from ASG's General Fund Account frozen. [Mem. in Supp. of Motion at 4 n.5.]

continuing jurisdiction to rule on the instant Motion. [Mem. in Supp. of Motion at 2 n.1.]

## II. **Marisco's Position**

In its position statement, Marisco first argues that BOH should follow the Disbursement Order. Marisco, however, states that, in the alternative, it will reluctantly agree to the interpleader. Marisco asks this Court to order that the interpleader amount include all past and accrued interest, anticipated future interest, and at least $25,000.00 to be used for post-judgment attorneys' fees and costs, which this district court will determine at a future time. Marisco states that it will stipulate that it will not bring an action in another court regarding the interpleader funds. [Marisco's Statement at 2-3.]

Marisco argues that this Court has continuing jurisdiction to maintain the status quo between the parties pending the appeal of the Disbursement Order to protect the integrity of its judgments in general, specifically to protect its final judgment. Marisco emphasizes that BOH is not seeking to alter the status quo. [Id. at 3-4.]

## III. **ASG's Opposition**

In its memorandum in opposition, ASG first argues that this Court no longer has jurisdiction over the subject of the Disbursement Order because of the appeal. ASG argues that the Court only has jurisdiction over matters not involved in the

appeal. ASG emphasizes that the appeal of the Disbursement Order contests whether this Court has jurisdiction over ASG's General Funds Account in the first instance, and ASG argues that this Court does not have continuing jurisdiction to hear issues premised on the same legal grounds as those on appeal. [Mem. in Opp. at 6-8.]

ASG argues that interpleader is not appropriate in this case because BOH is not acting like a neutral stakeholder. It is actually advocating Marisco's position. ASG emphasizes that Marisco has not sought to enforce the judgment in this case in the American Samoa courts, where the funds are domiciled. ASG therefore argues that Marisco is forum shopping. [Id. at 8-9.] ASG also argues that interpleader is not appropriate because interpleader is not for the purpose of resolving conflicts between courts. ASG therefore argues that the Motion does not meet the requirements of Fed. R. Civ. P. 22 and the governing statute. [Id. at 10-11.] ASG emphasizes that interpleader is not appropriate for those who have acted in bad faith to create the controversy. ASG argues that BOH has done so because it acted upon the Writ of Execution instead of seeking to quash it or filing an interpleader action in the High Court. [Id. at 13-14.]

ASG contends that BOH has cited no case law that would support a restraining order under the circumstances of this case.

ASG argues that a § 2361 injunction is an exception to the general rule barring federal injunctions of state court proceedings. ASG argues that a federal court should defer to proceedings that pre-date the interpleader. [Id. at 12.]

Finally, ASG emphasizes that BOH is still subject to claims in ASG v. BOH because BOH violated A.S.C.A. §§ 10.0601 and 43.1803(b). ASG also argues that "BOH has ignored a valid High Court order for over two months, an order that was issued a month before the Court issued its [Disbursement] Order. BOH created the controversy and the Court should not order an interpleader to relieve BOH of the situation it created." [Id. at 14.]

ASG therefore urges the Court to deny the Motion.

## DISCUSSION

### I. Jurisdiction

At the outset, this Court must address ASG's argument that its appeal of the Disbursement Order divested this Court of jurisdiction to hear matters such as the instant Motion. BOH contends that this Court has continuing jurisdiction to consider the instant Motion because, *inter alia*, this Court has

> the discretionary authority . . . to "suspend, modify, restore or grant an injunction during the pendency of the appeal. [FRCP 62(c)] codifies the inherent power of a court to preserve the status quo where, in its sound discretion, the court deems the circumstances so justify, and specifically authorizes the district court to modify, if necessary, the terms of the injunction being appealed from."

[Mem. in Supp. of Motion at 2 n.1 (some alterations in Mem. in Supp.) (quoting Christian Science Reading Room Jointly Maintained v. City & County of San Francisco, 784 F.2d 1010, 1017 (9th Cir. 1986)).]

The pertinent part of Rule 62(c) states: “While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party’s rights.”

While Rule 62(c) is not directly on point because the Disbursement Order neither granted nor denied an injunction, Rule 62(c) is instructive because it embodies well-established legal principles that courts also apply outside of the context of orders and judgments regarding injunctive relief. For example, the Ninth Circuit has stated:

> The rule divesting lower courts of jurisdiction of aspects of a case involved in an appeal “‘is judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time.’” United States v. Thorp (In re Thorp), 655 F.2d 997, 998 (9th Cir. 1981) (quoting 9 Moore, Federal Practice P 203.11 n.1); accord Marino [v. Classic Auto Refinishing, Inc. (In re Marino)], 234 B.R. [767,] 769 [(9th Cir. BAP 1999)]. This rule is not absolute. For example, a district court has jurisdiction to take actions that preserve the status quo during the pendency of an appeal, see Securities and Exch. Comm’n v. American Capital Invs., Inc., 98 F.3d 1133, 1146 (9th Cir. 1996); see also Mirzai [Hill & Sandford, LLP v. Mirzai (In re Mirzai)], 236 B.R. [8,] 10 [(9th Cir. BAP 1999)], but “‘may not finally

> adjudicate substantial rights directly involved in the appeal.'" McClatchy Newspapers v. Central Valley Typographical Union No. 46, Int'l Typographical Union, 686 F.2d 731, 734-35 (9th Cir. 1982) (quoting Newton v. Consolidated Gas Co., 258 U.S. 165, 177, 42 S. Ct. 264, 66 L. Ed. 538 (1922)); see also Pyrodyne Corp. v. Pyrotronics Corp., 847 F.2d 1398, 1403 (9th Cir. 1988). Absent a stay or supersedeas, the trial court also retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment. See Bennett v. Gemmill (In re Combined Metals Reduction Co.), 557 F.2d 179, 190 (9th Cir. 1977); Hagel v. Drummond (In re Hagel), 184 B.R. 793, 798 (1995); Marino, 234 B.R. at 770.

In re Padilla, 222 F.3d 1184, 1190 (9th Cir. 2000), *partially superseded by statute on other grounds*, Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109–8, 119 Stat. 23;[3] see also Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco, No. C 06-06997 JSW, 2007 WL 4591729, at *1 (N.D. Cal. Dec. 28, 2007) ("The trial court retains the inherent power 'during the pendency of an appeal to act to preserve the status quo and to ensure the effectiveness of the eventual

---

[3] In Padilla, the bankruptcy court dismissed Padilla's bankruptcy petition for bad faith, but the Bankruptcy Appellate Panel ("BAP") reversed the order and remanded the case for reinstatement of the petition. The trustee appealed the BAP's decision to Ninth Circuit. During the pendency of the appeal, the bankruptcy court discharged Padilla's debts and closed the case. 222 F.3d at 1188. The Ninth Circuit held, *inter alia*, that the bankruptcy court lacked jurisdiction to do so because the bankruptcy court's actions "drastically changed the status quo and amounted to a final adjudication of the substantial rights directly involved in the appeal. It also did not constitute implementation or enforcement of the BAP's judgment reversing and remanding for reinstatement of Padilla's petition." Id. at 1190.

judgment.'" (some citations omitted) (quoting Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988))).[4] The Court therefore finds case law regarding Rule 62(c) to be instructive on the issue of whether the Court has jurisdiction to grant BOH's Motion. This district court has recognized:

> The Ninth Circuit has explained that Rule 62(c) "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.'" Natural Resources Defense Council[, Inc. v. Sw. Marine Inc.], 242 F.3d [1163,] 1166 [(9th Cir. 2001)] (quoting McClatchy Newspapers, 686 F.2d at 734). "[A]ny action taken pursuant to Rule 62(c) 'may not materially alter the status of the case on appeal.'" Id. (quoting Allan Ides, The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed, 143 F.R.D. 307, 322 (1992)). Under Rule 6[2](c), this court "only 'retains jurisdiction during the pendency of an appeal to act to preserve the status quo.'" Small v. Operative Plasterers' and Cement Masons' Int'l. Assoc. Local 200, 611 F.3d 483, 495 (9th Cir. 2010) (quoting Natural Resources Defense Council, 242 F.3d at 1166).

---

[4] In Golden Gate, the district court granted summary judgment in favor of the plaintiff and denied summary judgment to the defendant and the intervenors on the issue whether the expenditure requirements of a city ordinance was preempted by the Employee Income Security Act of 1974. The defendant and the intervenors filed notices of appeal and, on the same day, the defendant filed a motion for a stay of the district court's ruling pending the appeal. The issue before the district court was whether it had jurisdiction to grant the defendant's motion. 2007 WL 4591729, at *1-2. The district court denied the application for a stay because granting the stay "would reverse the status quo and enable what the Court considers to be a preempted local ordinance to take effect." Id. at *2 (citation omitted).

Marcus I. ex rel. Karen I. v. Dep't of Educ., Civil No. 10–00381 SOM/BMK, 2012 WL 3686188, at *3 (D. Hawai`i Aug. 24, 2012) (some alterations in Marcus I.).

In the instant case, allowing BOH to interplead the funds garnished from ASG's account would not materially alter the status of the case during ASG's appeal of the Disbursement Order. In the Disbursement Order, this Court ruled that Marisco properly served BOH, and this Court directed BOH to disburse the garnished funds to Marisco. Granting the interpleader would preserve the status quo because it would prevent either Marisco or ASG from utilizing the funds to the other party's detriment during the pendency of the appeal of the Disbursement Order. Contrary to ASG's argument, granting the Motion would not allow immediate disbursement of the funds to Marisco. This Court therefore CONCLUDES that it has jurisdiction to consider the instant Motion. The Court now turns to the merits of BOH's Motion.

## II. Interpleader

Federal Rule of Civil Procedure 22(a) states:

> (1) By a Plaintiff. Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
>
> > (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or

(B) the plaintiff denies liability in whole or in part to any or all of the claimants.

(2) By a Defendant. A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.

In addition, 28 U.S.C. § 1335 sets forth the requirements for an interpleader action. Section 1335 states:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

> (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

The Ninth Circuit has stated that:

> Both Rule 22 and the interpleader statute allow a party to file a claim for interpleader if there is a possibility of exposure to double or multiple liability. 28 U.S.C. § 1335; Fed. R. Civ. P. 22(a)(2). "The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants to a single fund.'" Mack v. Kuckenmeister, 619 F.3d 1010, 1024 (9th Cir. 2010) (quoting Minn. Mut. Life Ins. Co. v. Ensley, 174 F.3d 977, 980 (9th Cir. 1999)); see also Michelman v. Lincoln Nat'l Life Ins. Co., 685 F.3d 887, 894 (9th Cir. 2012). "This includes protecting against the possibility of court-imposed liability to a second claimant where the stakeholder has already voluntarily paid a first claimant. But it also includes limiting litigation expenses, which is not dependent on the merits of adverse claims, only their existence." Mack, 619 F.3d at 1024 (citation omitted).

Lee v. W. Coast Life Ins. Co., 688 F.3d 1004, 1009 (9th Cir. 2012).

First, the Court notes that § 1335 is not applicable because BOH has not filed a civil interpleader action. The Court construes the Motion as brought pursuant to Rule 22, which shares the requirement with § 1335 that the party seeking interpleader be exposed to double or multiple liability. The Court finds that the instant case satisfies the requirements of Rule 22. It is undisputed that Marisco and ASG both claim entitlement to the funds described in the Motion. The Court also finds that BOH does not have an interest in the outcome of the issue of who is

entitled to the funds. ASG argues that interpleader is not appropriate because BOH's Motion does not seek to resolve the conflict between ASG's claim and Marisco's claim to the funds. [Mem. in Opp. at 11.] As noted in the discussion of this Court's jurisdiction, however, the purpose of the instant Motion is to preserve the funds while the appellate court, or courts, determine the issue of who is entitled to the funds.

ASG also argues that the Motion does not meet the requirements of Rule 22 because "[n]othing in the . . . case law authorizes an interpleader based on conflicting court orders." [Id.] ASG, however, does not cite any authority for its proposition that a conflict between orders of two different courts renders a disputed fund ineligible for interpleader. Further, BOH responded by citing Merril Lynch, Pierce, Fenner & Smith, Inc. v. Cavicchia, 311 F. Supp. 149, 152-53 (S.D.N.Y. 1970), in which the plaintiff-stakeholders were subject to conflicting orders from the New York courts and the New Jersey courts. [BOH's Submission of Uncited Authority Regarding Its Motion, filed 9/26/12 (dkt. no. 156).] ASG did not seek leave to present contrary authority. The Court therefore rejects ASG's argument that the dispute between the Disbursement Order and the High Court's orders renders the disputed funds ineligible for interpleader.

ASG primarily urges the Court to deny the Motion on equitable grounds.

> "It is generally recognized that interpleader 'developed in equity and is governed by equitable principles.'" Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1033–34 (9th Cir. 2000) (quoting Lummis v. White, 629 F.2d 397, 399 (5th Cir. 1980), *rev'd on other grounds by* Cory v. White, 457 U.S. 85, 102 S. Ct. 2325, 72 L. Ed. 2d 694 (1982); Metro. Life Ins. Co. v. Marsh, 119 F.3d 415, 418 (6th Cir. 1997) ("[I]nterpleader is fundamentally equitable in nature.")). Accordingly, many courts have held that those who have acted in bad faith to create a controversy over the stake may not claim the protection of interpleader. See, e.g., Kent v. N. Cal. Reg'l Office of Am. Friends Serv. Comm., 497 F.2d 1325, 1328 (9th Cir. 1974) ("Interpleader, which is an equitable remedy, is not available to one who has voluntarily accepted funds knowing they are subject to competing claims.") (citations omitted); Farmers Irrigating Ditch & Reservoir Co. v. Kane, 845 F.2d 229, 232 (10th Cir. 1988) ("It is the general rule that a party seeking interpleader must be free from blame in causing the controversy, and where he stands as a wrongdoer with respect to the subject matter of the suit or any of the claimants, he cannot have relief by interpleader.") (collecting cases); see also 44B Am. Jur. 2d Interpleader § 7 ("The equitable doctrine of 'clean hands' applies to interpleader actions. The party seeking interpleader must do equity, not have caused the conflicting claims, and be free from blame in causing the controversy.") (footnotes omitted).

Lee, 688 F.3d at 1012 (footnote omitted). ASG argues that BOH has unclean hands and is forum shopping because BOH is actually advocating Marisco's position, and neither Marisco nor BOH has sought to resolve this dispute in the American Samoa courts. ASG asserts that, because the funds at issue are domiciled in American Samoa, either Marisco should have sought to enforce the

judgment in the instant case through the American Samoa courts or BOH should have filed its interpleader in the American Samoa courts. ASG also argues that BOH should have sought to quash the Writ of Execution, filed June 13, 2012, [dkt. no. 115 at 7-9,[5]] instead of acting upon the writ. Further, ASG argues that this Court should defer to the High Court's Injunction Order, which the High Court issued before BOH filed the instant Motion. ASG's arguments are misplaced.

First, as noted in the Disbursement Order, ASG explicitly agreed both to arbitrate the underlying dispute with Marisco and to submit itself to the jurisdiction of this district court to confirm and enforce the arbitration award. 2012 WL 3686088, at *4. In addition, ASG did not appeal the judgment entered after this Court confirmed the award. Id. at *2. Thus, this Court had jurisdiction over the instant case before the commencement of ASG v. BOH.

Second, BOH did not create the controversy at issue in the instant Motion by aligning itself with Marisco. BOH complied with the Writ of Execution, which the Disbursement Order ruled Marisco effectively served on BOH. BOH seeks to interplead the funds at issue; it does not seek to disburse the funds to

[5] The Writ of Execution is only one of several parts of docket number 115, and docket number 115 as a whole is not consecutively paginated. Thus, the Court's page citations to the Writ of Execution are to the pages of docket number 115 as reflected in the district court's cm/ecf system.

Marisco. In fact, ASG argues that BOH could have moved to quash the Writ of Execution, [Mem. in Opp. at 14,] but in doing so, BOH would have aligned itself with ASG. Interpleader will preserve the funds during the appellate courts' resolution of the controversy regarding the service of the Writ of Execution. Morever, even if the Ninth Circuit reverses the Disbursement Order on appeal, that would merely require Marisco to seek other means of enforcing the judgment. The arbitration award in favor of Marisco and this Court's confirmation of the award are not at issue in the appeal. The reversal of the Disbursement Order therefore would not extinguish the judgment against ASG.

Third, ASG argues that BOH is forum shopping because BOH could have filed an interpleader action in the American Samoa courts. It was reasonable for BOH to file the Motion in the instant case because this district court issued the Writ of Execution, Marisco served the writ on BOH in this district, and both of the parties that claim entitlement to the disputed funds are parties in the instant case. ASG emphasizes that it has pending claims against BOH in ASG v. BOH. [Id.] Filing its interpleader in ASG v. BOH would not have been as effective as filing the Motion in the instant case because Marisco is not a party to that case, and the protection that BOH hopes to obtain by interpleading the disputed funds would not extend to ASG's

claims against BOH, which are unrelated to the issue of who is entitled to the disputed funds. The Ninth Circuit has stated:

> interpleader protection generally does not extend to counterclaims that are not claims to the interpleaded funds. "Certainly when the stakeholder is an interested party and when one of the claimants asserts that the stakeholder is independently liable to him, the interposition of a counterclaim is appropriate. Indeed, in most instances of this type, the counterclaim will be compulsory and the court will exercise supplemental jurisdiction over it . . ." Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1715 (1986) (footnote omitted); see also 44B Am. Jur. 2d Interpleader § 4 ("Interpleader is a procedural device not intended to alter substantive rights. It is not [the] function of an interpleader rule to bestow upon the stakeholder immunity from liability for damages that are unrelated to the act of interpleading, such as negligence in preserving the fund.") (footnotes omitted).

Lee, 688 F.3d at 1009-10 (alterations in Lee).

This Court therefore finds that, under the circumstances of this case, BOH is free from blame in causing the controversy over the entitlement to the disputed funds. The Court also finds that there is no evidence that BOH has engaged in forum shopping. The Court therefore cannot conclude that BOH has unclean hands. ASG has not established that this Court must deny BOH's Motion on equitable grounds.

The Court GRANTS the Motion as to BOH's request to interplead the amount of $824,071.15, currently being held by BOH from ASG's account pursuant to the Writ of Execution.

**III. Injunction**

> BOH also asks that Marisco, ASG, and
>
> all attorneys for ASG, including counsel of record in this action as well as the Honorable Fepulea`i Arthur Ripley, Jr., Attorney General of American Samoa, a member of the bar of this Court, and those acting under color of his authority, including his regular and special deputies, be enjoined from further proceedings with respect to the disputed funds in the High Court.

[Motion at 3.] BOH asserts that this Court may enter such an injunction pursuant to 28 U.S.C. § 2361, 28 U.S.C. § 1651, and the Court's inherent powers. [Id.] Section 2361 states:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

As previously noted, however, the instant Motion seeks interpleader pursuant to Rule 22, not § 1335. Thus, § 2361 does not apply. See, e.g., Metro. Life Ins. Co. v. Probst, No. CV–09–8180–PCT–DGC, 2009 WL 3740775, at *1 (D. Ariz. Nov. 6, 2009) ("Because Plaintiff has brought a Rule 22 interpleader

action, the Court must determine the propriety of a restraining order by looking ‘to the standards of 28 U.S.C. § 2283, and [Federal Rule of Civil Procedure] 65, and not to those of statutory interpleader, 28 U.S.C. § 2361.’” (quoting Life Insurance Co. of N. Am. v. Thorngren, No. CV–04–464–S–BLW, 2005 WL 2387596, at *4 (D. Idaho Sept. 27, 2005))).

Section 2283 states: “A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.” The requested injunction would aid in effectuating the judgment in the instant case, as well as in effectuating the Disbursement Order. BOH, however, cannot establish the requirements for an injunction pursuant to Rule 65.

In general, to obtain a Rule 65 injunction, the moving party must establish: a likelihood of success on the merits; a likelihood of irreparable harm in the absence of the injunction; that the balance of equities tip in its favor; and that the injunction serves the public interest. Am. Trucking Ass’ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., --- U.S. ----, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008)). In particular, BOH cannot establish the likelihood of irreparable harm. First, Marisco states that it will “stipulate that it will not prosecute

litigation regarding the interplead [sic] funds in courts other than this Court." [Marisco's Statement at 3.] There is no indication that ASG, or anyone acting on its behalf, will institute other proceedings involving the interpleader funds. The existence of ASG v. BOH was known to BOH when it filed the instant Motion, and it is likely that ASG will litigate issues regarding the interpleader funds. Even if BOH is ultimately subjected to an inconsistent ruling in ASG v. BOH regarding the interpleader funds, there is no evidence that BOH would suffer anything but monetary losses. "[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991) (citation omitted). Thus, if the High Court requires BOH to reinstate an amount equal to the interpleader funds to ASG, BOH will not suffer irreparable harm because BOH can seek return of the funds by challenging the High Court's decision. Cf. Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Hodel, 830 F.2d 374, 376-77 (D.C. Cir. 1987) (discussing judicial system of American Samoa).

This Court therefore CONCLUDES that BOH has not established an entitlement to the requested injunction. BOH's Motion is DENIED as to the requested injunction. The denial is WITHOUT PREJUDICE to either the filing of an interpleader action

or the filing of a motion in the instant action establishing that BOH meets the requirements of § 2361 and Rule 65.

**IV. <u>Marisco's Request to Increase the Interpleader Amount</u>**

In its statement of position, Marisco "requests that the interplead [sic] funds include all past and accrued interest . . . as well as a reasonable amount for future anticipated interest . . . and at least $25,000 as a fund for post-judgment attorneys' fees and costs, the payment of which in such amounts as may further be determined by this Court." [Marisco's Statement at 3.]

First, the Court notes that Marisco has not cited any authority in support of its request for a court order requiring BOH to interplead an estimated amount for future interest and as yet undetermined attorneys' fees and costs. The Court finds that Marisco's request is premature as to these amounts.

As to the past and accrued interest, Marisco's Ex Parte Motion for Order Granting Issuance of Writ of Execution ("Ex Parte Execution Motion") notes that the judgment in this action awarded Marisco "the sum of $811,631.87 plus interest at the rate of .43% per year (not compounded) from September 1, 2009 and stipulated costs of $12,439.28." [Ex Parte Execution Motion, filed 6/13/12 (dkt. no. 115), Decl. of Mark B. Desmarais at ¶ 2.] The Writ of Execution, which Marisco's counsel drafted, however, states, in pertinent part:

> **WHEREAS**, judgment was entered on the 1st of May, 2012 in an action in the United States District Court, District of Hawai`i, between MARISCO, LTD., plaintiff and AMERICAN SAMOA GOVERNMENT defendant, in favor of said MARISCO, LTD. and against said AMERICAN SAMOA GOVERNMENT for the sum of $811,631.87 and costs taxed in the sum of $12,439.28 for a total of $824,071.15 as appears by the judgment filed in the Office of the Clerk of the United States District Court, District of Hawai`i; **and**
>
> **WHEREAS**, the said judgment was duly entered in the Office of the Clerk of the United States District Court, District of Hawai`i, and <u>the sum of $824,071.15 is now actually due thereof</u>;
>
> **THEREFORE**, you are hereby commanded to satisfy the said judgment out of the personal property of the said Judgment Debtor . . . .

[Writ of Execution, dkt. no. 115 at 8 (underline emphasis added).] Thus, the amount that BOH seeks to interplead is the amount that the Writ of Execution ordered it to tender. Although Marisco could have included the past and accrued interest in the Writ of Execution, Marisco did not do so, and the past and accrued interest is beyond the scope of the Writ of Execution.

Marisco's request to increase the amount of the interpleader is therefore DENIED WITHOUT PREJUDICE.

## V. <u>Interest Bearing Account</u>

Prior to the hearing on the instant Motion, counsel for BOH indicated to the Court's staff that BOH wanted to deposit the interpleader funds with the district court in an interest bearing account. This request, however, is not reflected in BOH's

Motion. This district court's policy is to deposit interpleader funds in a non-interest bearing account unless expressly provided in the order granting the interpleader. [In re Deposit & Investment of Registry Funds, Order re Deposit & Investment of Registry Funds, filed 5/22/12 ("Registry Order"), at 1-2.] Where the interpleader funds are deposited into some form of interest bearing account, the deposit is governed by the Registry Order and the Court Registry Investment System Overview, both of which were provided to counsel at, or prior to, the hearing on the instant Motion.

In order for the Court to order that the interpleader funds be deposited into an interest bearing account, BOH must file a written request. Thus, the Court construes the instant Motion as requesting that the interpleader funds be deposited in a non-interest bearing account.

**CONCLUSION**

On the basis of the foregoing, Garnishee Bank of Hawaii's Motion for Interpleader, filed September 17, 2012, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED as to BOH's request to interplead the amount of $824,071.15 to the district court in a non-interest bearing account. The Court ORDERS BOH to deposit the interpleader funds with the district court by **October 22, 2012**. If BOH files a written request to deposit the interpleader funds in an interest bearing account,

BOH must do so before depositing the funds with the district court.

The Motion is DENIED WITHOUT PREJUDICE as to BOH's request for an injunction against further proceedings regarding the interpleader funds. Further, Marisco's request to increase the amount of the interpleader to include interest and attorneys' fees and costs is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 5, 2012.




/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARISCO, LTD. V. AMERICAN SAMOA GOVERNMENT, ETC.; CIVIL NO. 10-00137 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART GARNISHEE BANK OF HAWAII'S MOTION FOR INTERPLEADER**