IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARISCO, LTD., a Hawaii corporation, | ) ) | CIVIL NO. 10-00137 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN SAMOA GOVERNMENT, | ) | |
| | ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TERRY R. CONDEN, | ) | |
| | ) | |
| Third-Party Defendant. | ) ) | |
| _____ | ) | |

**ORDER GRANTING BANK OF HAWAII'S MOTION FOR INJUNCTIVE RELIEF
AND GRANTING MARISCO, LIMITED'S SUBSTANTIVE JOINDER**

Before the Court is Garnishee Bank of Hawaii's ("BOH")

Motion for Injunctive Relief ("Motion"), filed on October 18,

2012.  [Dkt. no. 162.]  On October 24, 2012, Plaintiff/

Counterclaim Defendant Marisco, Limited ("Marisco") filed its

substantive joinder in the Motion ("Joinder"), and Defendant/

Counter Claimant/Third Party Plaintiff American Samoa Government

("ASG") filed its memorandum in opposition.  [Dkt. nos. 169,

171.]  These matters came on for hearing on October 26, 2012.

Appearing on behalf of BOH was Robert Marks, Esq., appearing on

behalf of Marisco was Mark Desmarais, Esq., and appearing on

behalf of ASG was Mark Hamilton, Esq.  After careful consideration of the Motion, the Joinder, supporting and opposing memoranda, and the arguments of counsel, BOH's Motion and Marisco's Joinder are HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

The relevant background is set forth in this Court's Order Granting Marisco Ltd.'s Ex Parte Request for Order Directing Disbursement of Funds from Garnishee Bank of Hawai`i and Granting in Part and Denying in Part Bank of Hawaii's Motion for Instructions, filed August 23, 2012 ("Disbursement Order"), 2012 WL 3686088, and this Court's Order Granting in Part and Denying in Part Garnishee Bank of Hawaii's Motion for Interpleader, filed October 5, 2012 ("Interpleader Order"), 2012 WL 4764590,[1] both of which this Court incorporates by reference.

On October 22, 2012, pursuant to the Interpleader Order, BOH deposited the sum of $824,071.15 ("the Interpleader Funds") with this district court.  [Amended Notice of Deposit of Interpleader Funds, filed 10/23/12 (dkt. no. 168).]  The district court will maintain the Interpleader Funds in a non-interest bearing account.[2]

_____

[1] On September 11, 2012, ASG filed its Notice of Appeal from the Interpleader Order.  [Dkt. no. 140.]

[2] On October 17, 2012, this Court issued an order stating
(continued...)

I.  **Motion**

In the instant Motion, BOH requests "equitable relief in the form of a restraining order or injunction against [ASG] and its attorneys from litigating claims against the interpleaded funds." [Mem. in Supp. of Motion at 3 (footnote omitted).]  As noted in the Disbursement Order and the Interpleader Order, in American Samoa Government v. Bank of Hawaii, et al., Trial Division, HCCA No. 29-12 ("ASG v. BOH"), the High Court of American Samoa ("High Court") has already issued a preliminary injunction ordering BOH to restore the funds that BOH froze from ASG's account.  ASG filed an Expedited Motion to Enforce Preliminary Injunction and for Sanctions Against Bank of Hawaii, which was set for hearing before the High Court on October 31, 2012.[3]  BOH argues that, unless this Court grants the instant Motion and enjoins or restrains ASG from continuing to litigate ASG v. BOH, "a judgment, enforcement order or contempt citation might well issue in favor of ASG as to the interpleaded funds." [Id. at 4.]  Thus, although BOH deposited the Interpleader Funds

---

[2](...continued)
that, if BOH wanted to deposit the Interpleader Funds in an interest bearing account, BOH had to either submit a stipulation by the parties or file a motion.  [Dkt. no. 161.]  Insofar as BOH did not do either by the October 22, 2012 deadline to deposit the funds, the Interpleader Funds were deposited in a non-interest bearing account.  Interpleader Order, 2012 WL 4764590, at *11.

[3] At this Court's suggestion, ASG and BOH later stipulated to continue the October 31, 2012 hearing on that motion.

with this district court, in the absence of an injunction or a restraining order, it may be compelled to restore an equal amount to ASG's account pursuant to the High Court's order.  According to BOH, that would effectively force BOH to pay the judgment entered in this case in favor of Marisco and against ASG.  [Id. at 5.]

BOH first argues that it is entitled to an injunction pursuant to Fed. R. Civ. P. 65 because its reputation and goodwill will suffer irreparable harm if the High Court enforces its preliminary injunction order.  BOH notes that a daily newspaper in American Samoa has already published a number of articles about ASG v. BOH, and the articles are highly critical of BOH.  BOH also argues that, even if BOH eventually obtained a judgment against ASG in ASG v. BOH, it is unlikely that ASG would ever pay the judgment.  [Id. at 6-8.]

BOH also contends that it is entitled to an injunction under equitable principles.  BOH notes that 28 U.S.C. § 2361 codified these equitable principles, but district courts possessed such equitable powers long before the enactment of § 2361.[4]  BOH argues that an injunction is appropriate because BOH faces a significant uncertainty as to whom it must pay the Interpleader Funds to and it faces a significant risk of double

---

[4] Insofar as the Interpleader Order previously rejected any of BOH's arguments for an injunction, BOH seeks reconsideration of the Interpleader Order.  [Mem. in Supp. of Motion at 8 n.14.]

liability.  [Id. at 8-10.]

        In the alternative, BOH asserts that this Court can also issue an injunction pursuant to: its "equitable powers by analogy to statutory interpleader standards[;]" the All Writs Act, 28 U.S.C. § 1651; and its "inherent power to preserve the integrity of the judicial process." [Id. at 10-11.]  BOH notes that this Court stated in the Interpleader Order that there was no indication that ASG intended to institute other proceedings involving the Interpleader Funds, but BOH argues that this is irrelevant because of the proceedings in ASG v. BOH.  BOH emphasizes that it is not asking this Court to restrain or enjoin the High Court; BOH argues that this Court should enjoin ASG from proceeding with ASG v. BOH to preserve the judicial process in the instant case, consistent with the Congressional intent of § 2361.[5] [Id. at 11.]

## II.  **Marisco's Joinder**

        In its Joinder, Marisco argues that, in ASG's memorandum preceding the Disbursement Order, ASG raised its argument that this Court had no jurisdiction over bank accounts allegedly domiciled in American Samoa, and this Court rejected

---

        [5] BOH states that 28 U.S.C. § 2361, which applies to interpleader actions pursuant to 28 U.S.C. § 1335, is not directly applicable in this case because of jurisdictional reasons.  [Mem. in Supp. of Motion at 11.]  BOH states that it cannot file a § 1335 interpleader action because there would not be minimum diversity of the parties.  [Id. at 2 n.3.]

that argument.   Although the Disbursement Order noted that ASG raised this argument, this Court concluded that ASG submitted itself to the jurisdiction of this district court and concluded that American Samoa law did not apply because the "separate entity rule" was inapplicable.  [Joinder at 2-3.]  Marisco therefore argues that this Court has already considered and rejected ASG's position and that this Court should grant the Motion because BOH is likely to succeed on the merits of the issue of the applicability of American Samoa law.  [<u>Id.</u> at 4.]

## III. <u>ASG's Memorandum in Opposition</u>

ASG first emphasizes that there is a national policy that federal courts should not stay or enjoin pending state court proceedings except under special circumstances.  [Mem. in Opp. at 4 (citing <u>Younger v. Harris</u>, 401 37, 41 (1971)).]  ASG argues that, pursuant to <u>Younger</u> and other United States Supreme Court case law, this Court should not interfere in the on-going <u>ASG v. BOH</u>, which ASG brought in its sovereign capacity.  [<u>Id.</u> at 5-6.]

ASG notes that the Ninth Circuit considers the following factors when determining whether abstention is appropriate: whether the state proceedings are ongoing; whether the proceedings implicate important state interests; and whether there is an adequate opportunity to address federal questions in the state proceedings.  ASG argues that all of these factors favor abstention.  [<u>Id.</u> at 6 (some citations omitted) (citing

<u>Fresh International Corp. v. Agricultural Labor Relations Bd.</u>, 805 F.3d 1353, 1357-58 (9th Cir. 1986)).]

ASG also notes that the policies articulated in <u>Younger</u> and other cases are also codified in 28 U.S.C. § 2283.  ASG emphasizes that there is no Act of Congress expressly authorizing district courts to enjoin the High Court from enforcing American Samoa law, and the issues in <u>ASG v. BOH</u> are not issues that this Court has ruled upon in this action.  ASG therefore argues that an injunction would not aid in this Court's jurisdiction, nor would it help to project or effectuate the judgment in this case. Thus, ASG contends that this Court does not have the authority under § 2283 to grant the instant Motion.  Further, to the extent that there are any doubts about whether this Court has the authority to enjoin <u>ASG v. BOH</u>, United States Supreme Court case law requires this Court to resolve those doubts in favor of allowing <u>ASG v. BOH</u> to go forward.  [<u>Id.</u> at 7.]

As to BOH's request for an injunction pursuant to Rule 65, ASG argues that the High Court has already ruled in its preliminary injunction order that BOH is not likely to succeed on the merits of <u>ASG v. BOH</u>, and the High Court also denied BOH's motion for reconsideration of the preliminary injunction order and BOH's motion to stay the injunction order.  Further, ASG contends that, even apart from the High Court's rulings, an examination of the issues of American Samoa law in <u>ASG v. BOH</u>

7

indicates that BOH is not likely to succeed on the merits.  [Id. at 8-9.]  ASG also argues that BOH's requested injunction is not in the public interest because the people of American Samoa have a fundamental interest in seeing American Samoa laws enforced, and the people of Hawai`i have little or no interest in the issues in ASG v. BOH.  [Id. at 9-10.]  Further, ASG asserts that BOH's claim of irreparable harm is speculative, which is insufficient for an injunction.  BOH has offered no evidence that the enforcement of the preliminary injunction order in ASG v. BOH, a judgment in that case, or media coverage of that case, will have any effect on BOH's customers or potential customers. ASG emphasizes that it has no control over the media coverage regarding ASG v. BOH.  [Id. at 11-12.]

        As to BOH's request for an injunction pursuant to this Court's equitable powers, ASG notes that, before moving to deposit the Interpleader Funds, BOH was aware of the conflicting orders by this Court and the High Court.  ASG also states that BOH was aware that Marisco was not going seek enforcement under the circumstances.  ASG argues that BOH could have complied with the High Court's preliminary injunction order, but BOH decided to move for interpleader in this district court.  Thus, ASG argues that "BOH created the situation it now faces" and therefore BOH is not entitled to equitable relief because BOH has unclean hands.  [Id. at 14.]  ASG also asserts that BOH has unclean hands

because BOH has "consistently opposed ASG's motions before the High Court, sought reconsideration of its decisions and actively sought to take the funds from ASG and provide them to Marisco." [Id. at 15 n.1.]

As to BOH's request for an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651, ASG argues that the All Writs Act is restricted by the Anti-Injunction Act, including § 2283. Thus, the All Writs Act does not apply, and § 2283 prohibits an injunction in this instance.  ASG therefore urges the Court to deny BOH's Motion.

In addition, ASG argues that this Court erred in granting BOH's Motion for Interpleader because BOH cannot satisfy the diversity requirements of Fed. R. Civ. P. 22, which requires diversity between the stakeholder and the claimants.  [Id. at 11 (some citations omitted) (citing Lee v. West Coast Life Ins. Co., 688 F.3d 1004, 1008 n.1 (9th Cir. 2012)).]  ASG contends that this Court must vacate the Interpleader Order and deny the Motion for Interpleader with prejudice because BOH, the stakeholder, and Marisco, one of the claimants, are both citizens of Hawai`i. [Id.]  To the extent that BOH seeks reconsideration of the Interpleader Order pursuant to Fed. R. Civ. P. 59(e), ASG argues that BOH's request is untimely.  To the extent that BOH seeks reconsideration pursuant to Fed. R. Civ. P. 60(b)(6), ASG contends that BOH has not established that reconsideration is

9

required.  [Id. at 12-14.]

## IV.  **Relevant Post-Hearing Filings**

On November 2, 2012, ASG filed its Notice of Appeal from the Interpleader Order.  [Dkt. no. 181.]

In connection with the instant Motion, BOH has filed several notices regarding the filing of pleadings in ASG v. BOH. [Dkt. nos. 172, 173, 188, 190.]  In particular, BOH's notice filed on November 14, 2012 alerted this Court to the fact that, on November 13, 2012, ASG filed a **new** action in the High Court, American Samoa Government v. Bank of Hawaii, Trial Division, HCCA # 46-12 ("ASG v. BOH 2").  [Dkt. no. 190.]  The Complaint in ASG v. BOH 2[6] alleges, inter alia, that this Court "has refused to grant full faith and credit to American Samoa laws as required by the Untied States Constitution, and has encouraged BOH to violate those laws though its rulings."  [ASG v. BOH 2 Complaint at ¶ 5.] It further states:

> 6.   While ASG disagrees with the Hawaii Court's orders and objects to the Hawaii Court's interference with ASG's enforcement of local laws, in the interest of avoiding further conflicts with the Hawaii Court and threats of being sanctioned by the federal court, ASG reluctantly agreed to postpone enforcement of the [High Court's] Injunction Order.  In addition, ASG will agree to hold-off further proceedings in the Injunction

---

[6] The Complaint in ASG v. BOH 2 is attached to BOH's November 14, 2012 Notice of Filing of Pleadings in the High Court of American Samoa in Related Litigation as Exhibit A.  [Dkt. no. 190-1.]  The ASG v. BOH 2 Complaint refers to this Court as "the Hawaii Court".

Action for now.

        7.    Instead, ASG has commenced this separate
enforcement action, which allows ASG to fulfill
its obligation to the people of American Samoa to
enforce its laws while simultaneously avoiding
conflicts with the prior orders of the Hawaii
Court.

[Id. at ¶¶ 6-7.]

**DISCUSSION**

I.    **Rule 65 Injunction**

        In general, the standard for a temporary restraining

order or a preliminary injunction is as follows:[7]

        "[I]njunctive relief is an extraordinary
        remedy that may only be awarded upon a clear
        showing that the plaintiff is entitled to such
        relief." Winter v. Natural Res. Def. Council,
        Inc., 129 S. Ct. 365, 376 (2008).  The standard
        for granting a preliminary injunction and the
        standard for granting a temporary restraining
        order are identical.  See Haw. Cnty. Green Party
        v. Clinton, 980 F. Supp. 1160, 1164 (D. Haw.
        1997); Fed. R. Civ. P. 65.

Sakala v. BAC Home Loans Servicing, LP, CV. No. 10-00578 DAE-LEK,

2011 WL 719482, at *4 (D. Hawai`i Feb. 22, 2011) (alteration in

original).

        A plaintiff seeking a preliminary injunction
        must establish that he is likely to succeed on the
        merits, that he is likely to suffer irreparable
        harm in the absence of preliminary relief, that
        the balance of equities tips in his favor, and
        that an injunction is in the public interest.  Am.
        Trucking Ass'ns v. City of Los Angeles, 559 F.3d

---

        [7] Although BOH does not seek a "preliminary" injunction, to
the extent that BOH relies upon Fed. R. Civ. P. 65, the same
analysis applies.

1046, 1052 (9th Cir. 2009) (quoting <u>Winter v. Natural Res. Def. Council, Inc.</u>, --- U.S. ----, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008)) (explaining that, "[t]o the extent that [the Ninth Circuit's] cases have suggested a lesser standard, they are no longer controlling, or even viable" (footnote omitted)); <u>see also</u> <u>Winter</u>, 129 S. Ct. at 374-76 (holding that, even where a likelihood of success on the merits is established, a mere "possibility" of irreparable injury is insufficient to warrant preliminary injunctive relief, because "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief").

<u>Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.</u>, 685 F. Supp. 2d 1123, 1128-29 (D. Hawai`i 2010) (footnote and some citations omitted) (alterations in <u>Painsolvers</u>).  The Ninth Circuit has held that its "serious questions" version of the sliding scale test for preliminary injunctions[8] survives <u>Winter</u> to the extent

_____

[8] The Ninth Circuit has stated the sliding scale test as follows:

"A preliminary injunction is appropriate when a plaintiff demonstrates 'either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [the plaintiff's] favor.'"  <u>Lands Council v. Martin (Lands Council II)</u>, 479 F.3d 636, 639 (9th Cir. 2007) (quoting <u>Clear Channel Outdoor Inc. v. City of Los Angeles</u>, 340 F.3d 810, 813 (9th Cir. 2003)).  These two options represent extremes on a single continuum: "the less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that (continued...)

that a court may grant a preliminary injunction where the
plaintiff (1) "demonstrates . . . that serious questions going to
the merits were raised and the balance of hardships tips sharply
in the plaintiff's favor[,]" and (2) satisfies the other <u>Winter</u>
factors, likelihood of irreparable injury and that the injunction
is in the public interest.  <u>Alliance for the Wild Rockies v.
Cottrell</u>, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (citation and
block quote format omitted) (some alterations in original).

### A.   Irreparable Harm

Typically, monetary harm does not constitute
irreparable harm.  <u>Los Angeles Mem'l Coliseum Comm'n v. Nat'l
Football League</u>, 634 F.2d 1197, 1202 (9th Cir. 1980).  This is so
because "economic damages are not traditionally considered
irreparable because the injury can later be remedied by a damage
award."  <u>Cal. Pharmacists Ass'n v. Maxwell-Jolly</u>, 563 F.3d 847,
852 (9th Cir. 2009).  Thus, insofar as it is likely that the High
Court will require BOH to restore an amount equal to the
Interpleader Funds to ASG's account, that is a monetary harm
which does not constitute irreparable harm for purposes of an
injunction.  BOH argues that its monetary harm would be

---

[8](...continued)
         the public interest and balance of hardships tip
         in their favor."  <u>Id.</u>

<u>Lands Council v. McNair</u>, 537 F.3d 981, 987 (9th. Cir. 2008) (en
banc) (some citations and internal quotation marks omitted)
(alteration in original).

irreparable because, even if were to obtain a judgment against ASG, it is doubtful that BOH would be able to collect in light of ASG's failure to pay a 2009 judgment in an unrelated case. [Mem. in Supp. of Motion at 7 & n.13 (citing Motion, Decl. of Robert A. Marks, Exh. 5 (newspaper article dated 9/24/12)).] BOH's argument, however, is speculative, and "[s]peculative injury cannot be the basis for a finding of irreparable harm." In re Excel Innovations, Inc., 502 F.3d 1086, 1098 (9th Cir. 2007) (citation omitted). BOH's likely monetary harm therefore does not constitute irreparable harm for purposes of an injunction.

BOH also states that a daily newspaper in Samoa has run a number of articles about the instant case and ASG v. BOH. According to BOH, the articles are "highly critical of BOH" and are "injurious" to BOH's goodwill and "trust of its customers[.]" [Mem. in Supp. of Motion at 6-7.] This Court has recognized that, "'[a]lthough the loss of goodwill and reputation are important considerations in determining the existence of irreparable injury, there must be credible and admissible evidence that such damage threatens Plaintiff's businesses with termination.'" Am. Promotional Events, Inc.--Nw. v. City & Cnty. of Honolulu, 796 F. Supp. 2d 1261, 1283-84 (D. Hawai`i 2011) (quoting Dotster, Inc. v. Internet Corp. for Assigned Names & Nos., 296 F. Supp. 2d 1159, 1163-64 (C.D. Cal. 2003)). BOH has not presented any evidence of an actual or imminent loss of

14

goodwill or business reputation, and its conclusory allegations of harm do not support a finding of irreparable harm for purposes of an injunction.  See id.

This Court, however, notes that both BOH and Marisco acted in reliance on and in compliance with this Court's orders. Further, the proceedings in ASG v. BOH and ASG v. BOH 2, in which Marisco is not even a party, essentially challenge this Court's rulings outside the scope of the Ninth Circuit appeals that ASG has already filed.  The High Court cases threaten to undermine both the authority of this Court as well as BOH's and Marisco's reliance on this Court's orders.  As this Court has repeatedly noted, ASG voluntarily submitted itself to the jurisdiction of this district court in this action.  Marisco and BOH were entitled to rely on the validity of the orders entered in this action with the full participation of ASG.  If parties that do not prevail in a federal court action can simultaneously appeal the decision and, without the presence of the prevailing party, file actions in other jurisdictions to challenge the original decision, it would strip the original decision and the original proceedings of any authority or validity.  In short, such actions attack and seek to undermine the fundamental reliability and credibility of court orders.  This Court therefore FINDS that both Marisco and ASG are currently suffering irreparable harm to their justifiable reliance on the validity of the proceedings and

15

court orders in this action.

**B.    Likelihood of Success**

As to the requirement that the party seeking an injunction establish a likelihood of success on the merits, the issue is not whether ASG is likely to prevail on the issues of American Samoa law raised in ASG v. BOH and ASG v. BOH 2.  This Court has already rejected the argument that American Samoa statutes govern the issue of whether Marisco properly garnished ASG's funds pursuant to the Writ of Execution.  In the instant Motion, the issue is whether the Ninth Circuit will affirm this Court's orders in ASG's pending appeals.  This Court stands behind its rulings and analysis in the Disbursement Order and the Interpleader Order, and therefore this Court FINDS that BOH and Marisco are likely to succeed on the merits of the Ninth Circuit appeals.

**C.    Balance of the Equities**

"To determine which way the balance of the hardships tips, a court must identify the possible harm caused by the preliminary injunction against the possibility of the harm caused by not issuing it."  Univ. of Hawai`i Prof'l Assembly v. Cayetano, 183 F.3d 1096, 1108 (9th Cir. 1999).

As this Court has previously noted, Marisco and BOH are suffering irreparable harm because ASG is attempting to undermine the authority of this Court's orders, upon which Marisco and BOH

16

justifiably relied.  Further, BOH will be forced to continue to spend its time and resources to defend against the additional proceedings ASG has, and may bring in the future, in the High Court.  BOH and Marisco will continue to suffer these harms if the Court denies the Motion.  In contrast, ASG will suffer minimal harm if this Court grants the Motion and issues the injunction.  Even if this Court were to deny the instant Motion and the High Court were to require BOH to reinstate an amount equal to the Interpleader Funds to ASG's account, that would not extinguish ASG's obligation to pay the judgment in favor of Marisco.  This Court therefore FINDS that the balance of the equities factor weighs in favor of issuing the injunction.

> D. **Public Interest**

This Court has recognized the following principles relevant to the public interest inquiry:

> The plaintiffs bear the initial burden of showing that the injunction is in the public interest.  See Winter [v. Natural Resources Defense Council, Inc.], [555 U.S. 7,] 129 S. Ct. [365,] 378 [(2008)].  However, the district court need not consider public consequences that are "highly speculative." In other words, the court should weigh the public interest in light of the likely consequences of the injunction.  Such consequences must not be too remote, insubstantial, or speculative and must be supported by evidence.
>
> Finally, the district court should give due weight to the serious consideration of the public interest in this case that has already been undertaken by the responsible

17

> state officials . . . who unanimously passed the rules that are the subject of this appeal.  See <u>Golden Gate Rest. Ass'n [v. City and County of San Francisco]</u>, 512 F.3d [1112] at 1127 [(9th Cir. 2008)] ("The public interest may be declared in the form of a statute." (internal quotation marks omitted)); <u>see also</u> <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315, 318, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943) ("[I]t is in the public interest that federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy." (internal quotation marks omitted)).

> <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1139-40 (9th Cir. 2009) (some citations and quotation marks omitted).  The public interest inquiry primarily addresses the impact on non-parties rather than parties.

<u>Am. Promotional Events</u>, 796 F. Supp. 2d at 1284-85 (alterations in <u>Am. Promotional Events</u>).

This Court also finds that the public has the same interest in relying on the validity of court orders that BOH and Marisco have.  This Court appreciates that the judgment in this case and the amount garnished from ASG's account represent a significant portion of ASG's general funds and the use of ASG's general funds impacts the people of American Samoa.  ASG, however, entered in a contract with Marisco, and both the arbitrator and this Court have determined that ASG is obligated to pay Marisco the amount reflected in the judgment.  Further, ASG has not appealed the judgment; the pending appeals only address the manner in which Marisco attempted to collect upon the

judgment.  Thus, while the public in American Samoa arguably have an interest in having the disputed funds returned to ASG's BOH account, that interest is not significant for purposes of the injunction analysis.  This Court therefore FINDS that the public interest factor weighs in favor of granting the injunction.

> E. **Summary**

Having found that all of the <u>Winter</u> factors weigh in favor of granting the injunction, this Court CONCLUDES that both Marisco and BOH are entitled to an order enjoining ASG and its representatives from litigating any current or future proceedings challenging this Court's orders in this case, including <u>ASG v. BOH</u> and <u>ASG v. BOH 2</u>.  In light of this Court's ruling that BOH and Marisco are entitled to an injunction pursuant to Rule 65, this Court need not address the alternate requests for an injunction, including an injunction pursuant to the equitable principles codified in 28 U.S.C. § 2361 or an injunction pursuant to the All Writs Act.

## II. **Younger Abstention**

ASG argues that, even if this Court is inclined to issue the requested injunction, this Court should decline to do so pursuant to the <u>Younger</u> abstention doctrine.

This district court has stated:

> <u>Younger</u> abstention "forbids federal courts from unduly interfering with pending state court proceedings that implicate important state interests." <u>Potrero Hills Landfill[, Inc. v.</u>

Cnty. of Solano], 657 F.3d [876,] 881 [(9th Cir. 2011)] (quoting Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (quotation marks omitted)).  A court is to abstain under Younger in a civil proceeding when there is a state proceeding that is (1) ongoing; (2) implicates important state interests; and (3) provides an adequate opportunity to raise federal questions.  Id. (citing Middlesex, 457 U.S. at 432).  For Younger abstention, the Ninth Circuit also requires that "the federal court action would 'enjoin the proceeding, or have the practical effect of doing so.'"  Id. (quoting AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148-49 (9th Cir. 2007) (quoting Gilbertson v. Albright, 381 F.3d 965, 976-78 (9th Cir. 2004) (en banc))).  "[C]omity is the main reason for federal court restraint in the face of ongoing state judicial proceedings, and another is to avoid unwarranted determinations of federal constitutional law."  Gilbertson 381 F.3d at 975.

Bridge Aina Le`a, LLC v. Hawaii Land Use Com'n, Civil No. 11-00414 SOM-BMK, 2012 WL 1109046, at *8 (D. Hawai`i Mar. 30, 2012) (some alterations in Bridge Aina Le`a).

    This Court does not take the interference with state court actions lightly, and this Court acknowledges that issuing the requested injunction will have the practical effect of enjoining the proceedings in ASG v. BOH and ASG v. BOH 2.  The proceedings in ASG v. BOH and ASG v. BOH 2 are ongoing and they do implicate American Samoa's interest in the applicability of its laws.  This Court, however, finds that these factors do not favor abstention because, as previously noted, ASG submitted itself to the jurisdiction of this district court and has not appealed from the judgment in this case.  ASG filed the two High

Court actions after this Court issued the judgment and Writ of Execution in this case, and ASG filed ASG v. BOH 2 after this Court issued the Disbursement Order and the Interpleader Order. Further, this Court has considered the issue and ruled that American Samoa law does not control as to whether Marisco properly garnished the funds in ASG's BOH account.  This Court also notes that ASG v. BOH and ASG v. BOH 2, in which Marisco is not a party, will not provide an adequate opportunity to address the relevant federal issues; the proper venue to address those issues is ASG's pending Ninth Circuit appeals.  Thus, insofar as the actions that ASG filed in the High Court are reactionary and seek to undermine the authority of this Court's orders, this Court finds that the proceedings in those cases are not entitled to deference under the Younger abstention doctrine.

This Court therefore CONCLUDES that Younger abstention is not warranted in the instant case, and this Court GRANTS BOH's and Marisco's request for an injunction against ASG.[9]  This Court emphasizes that it has determined that Marisco is independently entitled to an injunction against ASG, albeit for many of the same reasons that BOH raised.  Thus, in the event that the Ninth Circuit affirms this Court's Disbursement Order but reverses this

_____

[9] The Court emphasizes that it has granted the request for the injunction based on the briefing associated with the instant Motion.  This Court's ruling does not constitute reconsideration of the Interpleader Order, in which this Court ruled that, based on the record at the time, BOH was not entitled to an injunction.

Court's Interpleader Order, it would not dissolve the injunction in favor of Marisco.

## IV.  **Reconsideration of the Interpleader Order**

ASG argues that this Court erred in granting BOH's Motion for Interpleader.  At the hearing on the Motion, this Court ruled that ASG's memorandum in opposition to the Motion was not the proper means to seek reconsideration of the Interpleader Order.  Further, even if the Court construed the memorandum in opposition as a motion for reconsideration of the Interpleader Order, to the extent it is based on any alleged manifest error of law, the motion is untimely.  Motions for reconsideration asserting manifest error of law or fact "must be filed and served not more than fourteen (14) days after the court's written order is filed."  Local Rule LR60.1.  The Interpleader Order was filed on October 5, 2012, and ASG filed its memorandum in opposition, which contains the purported motion for reconsideration, on October 24, 2012.  To the extent ASG alleged a lack of jurisdiction to enter the Interpleader Order and the lack of jurisdiction is never waived, this Court gave ASG leave to file a motion for reconsideration on the jurisdictional issue only by November 9, 2012.  ASG, however, decided not to file a motion for reconsideration.  [Correspondence, filed 11/19/12 (dkt. no. 191) (letter dated 11/7/12 from ASG's counsel stating that ASG decided not to file a motion for reconsideration on the jurisdictional

issue).] This Court therefore will not address any of ASG's arguments seeking reconsideration of the Interpleader Order in connection with the instant Motion.

## CONCLUSION

On the basis of the foregoing, BOH's Motion for Injunctive Relief, filed October 18, 2012, and Marisco's joinder in BOH's Motion are HEREBY GRANTED. Specifically, this Court HEREBY GRANTS an injunction in favor of Marisco and BOH and ORDERS that ASG, and any of its representatives, including ASG's counsel and ASG's officials in their official capacity, are HEREBY ENJOINED from litigating any current proceedings challenging this Court's orders in this case with regard to the Interpleader Funds or their equivalent. This includes both ASG v. BOH and ASG v. BOH 2. ASG and its representative are also HEREBY ENJOINED from bringing any future proceedings as to the same subject matter. The injunction shall remain in effect until dissolved by this Court.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 28, 2012.

/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MARISCO, LTD. V. AMERICAN SAMOA GOVERNMENT, ETC; CIVIL NO. 10-00137 LEK-BMK; ORDER GRANTING BANK OF HAWAII'S MOTION FOR INJUNCTIVE RELIEF AND GRANTING MARISCO, LIMITED'S SUBSTANTIVE JOINDER